

## NUMBER 13-09-00598-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE: DAVID THERIOT

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Yañez, Benavides, and Vela
### Memorandum Opinion Per Curiam

On October 30, 2009, relator, David Theriot, filed a pro se petition for writ of mandamus, in which he complained that the trial court, the 329th District Court of Wharton County, had refused to rule on his motion for an out-of-time appeal. On November 4, 2009, this Court requested a response from the State of Texas, by and through the Criminal District Attorney in and for Wharton County, Texas.

On November 12, 2009, the State of Texas, by and through Josh W. McCown, District Attorney for the 329th Judicial District, filed a response. In the response, the State asserted that relator is not entitled to an appeal because: (1) pursuant to a plea-bargain, he entered a plea of guilty; (2) the trial court accepted the plea-bargain, and imposed

punishment consistent with the plea agreement; and (3) the trial court's certification states that this is "a plea-bargain case, and the defendant has NO RIGHT OF APPEAL," and "[t]he defendant has waived the right of appeal."[1]  The State attached (1) a copy of "plea admonishments" and waiver of right to appeal, signed by relator; (2) a copy of the "agreed punishment recommendation," signed by relator; and (3) a copy of the "trial court's certification of defendant's right of appeal," stating that relator has no right of appeal.

Although the State's response addressed the reasons that relator's motion for an out-of-time appeal *should be* denied, it did not address the specific matter of which relator complains:  that the trial court has "refused to act" on relator's motion.  Accordingly, we grant relator's petition for writ of mandamus and order the trial court to rule on relator's motion for an out-of-time appeal.  We are confident the trial court will comply; the writ will issue only if it does not.

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed this
13th day of November, 2009.

---

[1] Texas Rule of Appellate Procedure 25.2(a)(2) states:

A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules.  The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order.  In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial, or

(B) after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2).

2